Matter of Hilda Geffen Trust (2019 NY Slip Op 03337)





Matter of Hilda Geffen Trust


2019 NY Slip Op 03337


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2016-13015

[*1]In the Matter of Hilda Geffen Trust. L. Bonnie Reiffel, etc., et al., petitioners-respondents; Elizabeth R. Grant, etc., et al., objectants-appellants. (File No. 2632/08)


McCarthy Fingar, LLP, White Plains, NY (Frank W. Streng of counsel), for objectants-appellants.
Kurzman Eisenberg Corbin & Lever, LLP, New York, NY (Lawrence S. Blumberg of counsel), for petitioners-respondents L. Bonnie Reiffel, James A. Reiffel, and Gerald & Lawrence Blumberg, LLP, and Morea Schwartz Bradham Friedman & Brown LLP, New York, NY (Thomas A. Brown II of counsel), for petitioner-respondent Orans, Elsen, Lupert & Brown, LLP (one brief filed).



DECISION & ORDER
In a proceeding to judicially settle certain accounts, the objectants appeal from an order of the Surrogate's Court, Westchester County (Thomas E. Walsh II, A.S.), dated August 22, 2016. The order, insofar as appealed from, denied the objectants' motion to compel the petitioners, and their attorneys, Gerald & Lawrence Blumberg, LLP, and Orans, Elsen, Lupert & Brown, LLP, to provide responses to discovery requests related to attorneys' fees billed by those attorneys for services provided prior to August 17, 2011, to the petitioners, as trustees of the Hilda Geffen Trust.
ORDERED that the order is affirmed insofar as appealed from, with costs payable personally by the objectants.
The petitioners, L. Bonnie Reiffel and James A. Reiffel, and the objectants, Elizabeth R. Grant and Barry M. Grant, are the residual beneficiaries of a trust established by Hilda Geffen, who died in April 2008, and was the mother of Bonnie and Elizabeth. Bonnie was a cotrustee of the trust with Geffen until Geffen's death. At that time, James succeeded Geffen as the other trustee of the trust. Subsequently, the petitioners prepared accountings of the trust's activities and commenced this proceeding to judicially settle the accounts, and objections to the accountings were filed.
On August 19, 2011, the petitioners and the objectants entered into a settlement agreement pursuant to which, inter alia, the objectants agreed that they did not object to the payment by the trust of certain fees billed by the law firms Gerald & Lawrence Blumberg, LLP, and Orans, Elsen, Lupert & Brown, LLP, for their legal services.
The objectants later moved to compel discovery with respect to, among other things, the calculation of the subject attorneys' fees stipulated to in the settlement agreement. The Surrogate's Court providently exercised its discretion in denying that branch of the objectants' [*2]motion which sought to compel discovery regarding the agreed-upon attorneys' fees on the basis that such demands were irrelevant and immaterial (see generally Matter of Miller, 132 AD3d 768).
The objectants' remaining contentions are academic in light of our determination of a related appeal (see Matter of Hilda Geffen Trust, ___ AD3d ___ [Appellate Division Docket No. 2017-11300; decided herewith]).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court